# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:20-CV-01214-ELR |
| | * | |
| ANTHONY TRUJILLO, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

# ORDER

Several matters are currently pending before the Court. The Court's reasoning and conclusions are set forth below.

## I. Background

This case stems from an allegedly unpaid commercial loan Defendants Anthony Trujillo and Karen Trujillo (the "Trujillo Defendants") obtained from Plaintiff IOU Central, Inc. See generally Compl. [Doc. 1]. The Trujillo Defendants purportedly received the loan from Plaintiff during November 2019 for the supposed benefit of their businesses (co-Defendants A Quality Auto Inspections, LLC; Richland's LLC; and Service on Site Towing, LLC). Id. ¶¶ 8–15. According to Plaintiff, Defendants breached their commercial loan agreement "almost immediately[.]" Id. ¶ 17.

Plaintiff subsequently filed its Complaint in this Court on March 18, 2020. See generally id. Plaintiff perfected service upon all Defendants on March 30, 2020 [Docs. 9–13], but no Defendant answered, and none have appeared to date. Plaintiff subsequently filed a "Motion for Clerk's Entries of Default as to All Defendants" on April 21, 2020. [Doc. 14]. The Clerk entered default against all Defendants on April 22, 2020. However, Plaintiff took no further activity of record for over one and one-half (1.5) months.

Accordingly, this Court issued an Order on July 9, 2020, requiring Plaintiff to show cause within ten (10) days why this case should not be dismissed for want of prosecution. [Doc. 19]. On July 20, 2020, Plaintiff's counsel submitted a "Response to Order to Show Cause [Doc. 19] and Motion for Extension of Time" [Doc. 21], requesting until July 27, 2020, to file Plaintiff's motion for default judgment. The Court granted this request and discharged its order to show cause. [Doc. 22].

On the extended deadline of July 27, 2020, at 11:54 P.M., Plaintiff's counsel submitted a second Motion for Extension of Time, requesting until July 28, 2020, to file Plaintiff's motion for default judgment. [Doc. 23]. Without the Court's leave, Plaintiff's counsel filed "Plaintiff's Motion for Final Default Judgment Against the Defendants" on July 28, 2020. [Doc. 24]. On the same day, Plaintiff's counsel filed a Motion for Excess Pages [Doc. 25], acknowledging that the motion for default judgment exceeds the twenty-five (25)-page limit for motions pursuant to the Local

Rules of this Court.[1]  See LR 7.1(D), NDGa. ("Absent prior permission of the court, briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages."). These motions are ripe for the Court's review.

## II. Discussion

Plaintiff's counsel requests the Court accept "Plaintiff's Motion for Final Default Judgment Against the Defendants" as filed on July 28, 2020, including its excess pages. [See generally Docs. 23–25]. The Court has broad discretion in deciding whether to grant Plaintiff's motions. E.g., Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001) ("district courts [have] broad discretion over the management of pre-trial activities"); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."); Gooden v. IRS, 679 Fed. App'x 958, 968–69 (11th Cir. 2017) (holding the district court did not abuse its discretion in refusing to enter default judgment); Hill for Credit Nation Capital, LLC v. Duscio, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018) ("The entry of a default judgment is committed to the discretion of the district court.") (quoting Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986)) (internal quotation marks omitted); Vivid Ent., LLC v. Baserva, 2:13-CV-524-FTM-29, 2015 WL 5021417, at *2 (M.D. Fla. Aug. 25, 2015) (while a district

---

[1] Plaintiff's motion for default judgment is thirty-one (31) pages long. [See Doc. 24].

3

court has discretion to overlook untimeliness, it need not accept "a clear pattern of delay and conscious disregard of the Court's previous orders").

The Court does not find sufficient good cause to grant Plaintiff's untimely motion for default judgment or to accept its excess pages. Specifically, the Court rejects Plaintiff's counsel's arguments for four (4) reasons. First, Plaintiff's counsel submitted the first request for an extension to file Plaintiff's motion for default judgment [Doc. 21] eleven (11) days after the Court entered its Order requiring Plaintiff to show cause within ten (10) days as to why this action should not be dismissed for want of prosecution. [Doc. 19]. Second, Plaintiff's counsel's second request for an extension was filed just six (6) minutes before midnight on the already-extended deadline, rendering it impossible for the Court to review and potentially approve the request before Plaintiff's default judgment motion became untimely. Third, without the leave of Court, Plaintiff's counsel untimely filed the motion for default judgment, and the motion exceeded the page limit set by Local Rule 7.1(D). Fourth, Plaintiff's counsel contemporaneously filed a motion for excess pages with the motion for default judgment, rather than seeking the Court's permission before exceeding the page limit. From what the Court discerns, the only reasons Plaintiff's counsel provides as to why the motion for default judgment was untimely filed and required extra pages are (1) that Plaintiff's claims are complex

and (2) Plaintiff seeks to avoid a hearing to liquidate damages. [Docs. 23 ¶ 5; 25 ¶¶ 3–4]. The Court finds these justifications unpersuasive.

The Court does not condone untimely requests for extensions or non-compliance with the Local Rules; these practices are inefficient and place unnecessary strain on judicial resources. Thus, the Court denies Plaintiff's motions. Although the Court denies Plaintiff's motions, the Court notes that Plaintiff can still seek summary judgment against Defendants.

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's second Motion for Extension of Time [Doc. 23], "Plaintiff's Motion for Final Default Judgment Against the Defendants" [Doc. 24], and Plaintiff's Motion for Excess Pages. [Doc. 25].

**SO ORDERED**, this 11th day of August, 2020.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia

5